JOHN F. SHARP AND JOHN WHITMORE, AS OVERSEERS OF THE POOR, ETC., RESPONDENTS, *v.* ELIAS D. FANCHER, APPELLANT, AND SIX OTHER SIMILAR CASES.

*Security for costs — a person suing for a violation of the excise law may be required to file it — Code of Civil Procedure, sec. 3271.*

A person who brings an action in the name of the overseers of the poor under section 30 of chapter 628 of 1857, as amended by chapter 820 of 1873, to recover penalties for a violation of the excise law, may be required to file security for costs under section 3271 of the Code of Civil Procedure.

*Board of Commissioners of Excise* v. *McGrath* (27 Hun, 425) distinguished and not followed; *Board of Commissioners* v. *Casiatir* (62 How.,113) followed.

APPEAL from an order made at a Special Term denying a motion to require the relator, Robert Boocock, who brought these suits in the names of the overseers of the poor to recover penalties for a violation of the excise law, to file security for costs.

*Griswold & Crowell,* for the appellant.

*G. R. Adams,* for the respondents.

LEARNED, P. J. :

These actions are brought by Robert Boocock in the name of the plaintiffs, overseers of the poor, by authority of chapter 628, Laws 1857, section 30, as amended by chapter 820, Laws of 1873. The defendants moved that the plaintiff be required to file security for costs under section 3271, Code Civil Procedure. The Special Term denied the motion, placing the denial solely on the want of power. The appeal therefore brings up simply the question whether the court had power to require security for costs.

The defendants claim that the court had such power, because the plaintiff is " a person expressly authorized by statute to sue."

It is urged by the plaintiff that this question has been decided in their favor in *Board of Commissioners of Excise* v. *McGrath* (34 Sup. Ct. N. Y. [27 Hun], 425). But we think the question of power was not passed upon. It does not appear that the order was denied by the Special Term for want of power. And the order was affirmed as a judicious exercise of discretion. The opinion, it is true, indicates that section 3271, Code Civil Procedure, does not apply. But that was not necessary to the decision, and therefore could not be decided. A decision is only binding for such law as is necessarily decided therein.

The phrase " a person expressly authorized by statute to sue " appears first in this connection in the Code of 1851 (§ 317). By the amendment of that section in 1852 the right in the discretion of the court to require security is given. And that has so continued until adopted into the Code Civil Procedure (§ 3271). It has been therefore the general law since 1851; applying generally to all statutes, before and since the enactment of the excise law of 1857. There is no reason to suppose that the excise law was intended to be any exception to this general law, if the language of the general law applies to cases of the kind in question. The only question then is whether this is an action brought by a person expressly authorized by statute to sue. Certainly the action could not be brought except by the express authority of the statute. There is no common law liability. And unless the section of the Code applies to such cases as the present, it is difficult to understand to what cases it does apply. This view is taken in *Board of Commissioners* v. *Casiatir* (62 How., 113) and seems to us correct.

The order should be reversed, with ten dollars costs and printing disbursements in each case and the matter sent back to the Special Term that it may exercise its discretion thereon.

Present — LEARNED, P. J.; BOARDMAN and BOCKES, JJ.

So ordered.